UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

ARMAND ANTHONY ASSANTE,

                        Debtor.
-------------------------------------------------------------------x    **OPINION AND ORDER**
KAREN ASSANTE,

                        Appellant,           12-CV-5309 (CS)

       - against -

EASTERN SAVINGS BANK, FSB,

                        Appellee.
-------------------------------------------------------------------x

Appearances:

Eric Raymond Perkins
McElroy, Deutsch, Mulvaney & Carpenter
Ridgewood, New Jersey
*Counsel for Debtor Armand Anthony Assante*

Patrick N. Z. Rona
Duane Morris LLP
New York, New York
*Counsel for Appellant Karen Assante*

Jerold C. Feuerstein
Kriss & Feuerstein LLP
New York, New York
*Counsel for Appellee Eastern Savings Bank*

Seibel, J.

      Before the Court is the appeal of Karen Assante ("Appellant") from the Bankruptcy

Court's May 1, 2012 bench ruling, (AP Doc. 4),[1] and its May 22, 2012 Memorandum Decision

and Order, (AP Docs. 7-8), (collectively, the "Order"), dismissing an adversary complaint for

---

[1] "AP Doc." refers to documents filed in the U.S. Bankruptcy Court for the Southern District of New York under docket number 12-AP-9018.

equitable subordination and frustration of contract asserted by Debtor Armand Assante ("Assante") against Appellee Eastern Savings Bank ("Eastern"). For the reasons that follow, the appeal is DISMISSED.

## I. BACKGROUND

I set forth only the facts relevant to the disposition of this matter below.

Assante owns three real properties secured by a mortgage with Eastern. (App. Mem. 3-5.)[2] On August 7, 2009, Assante brought an action against Eastern in this Court in which he sought rescission of the mortgage and brought claims related to Eastern's lending practices, including breach of the covenant of good faith and fair dealing; fraud; violation of New York General Business Law § 349 and the Truth in Lending Act; and RICO. (*Id.* at 6.) After Eastern filed a motion to dismiss, Assante voluntarily withdrew his action. (*Id.* at 6-7.)

On September 4, 2009, Eastern initiated a foreclosure action against Assante in the Supreme Court of the State of New York, Orange County, following Assante's default on the mortgage. (*Id.* at 4-5, 7.) Assante responded to Eastern's foreclosure action by raising the affirmative defenses of fraud and unclean hands; asserting counterclaims for fraud and violation of New York Banking Law § 590-b(2); and seeking a declaratory judgment that the mortgage was invalid. (*Id.* at 7.) Eastern moved to strike Assante's counterclaims and defenses and for summary judgment on its foreclosure claim, all of which the court granted. (*Id.*) On August 17, 2011, the court entered a Judgment of Foreclosure on all three properties. (*Id.*) Before foreclosure could occur, Assante on October 7, 2011 filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. (*Id.* at 7-8.)

---

[2] "App. Mem." refers to the Brief of Appellant Karen Assante. (Doc. 5.)

On March 7, 2012, Assante initiated an adversary proceeding against Eastern within the Chapter 11 case, seeking equitable subordination, or in the alternative vacatur of Eastern's mortgage, due to Eastern's alleged inequitable conduct and predatory lending practices. (*Id.* at 8; AP Doc. 1.) Before Assante served the adversary complaint on Eastern, Eastern filed a motion to dismiss, arguing that Assante's claims were barred by collateral estoppel because the Supreme Court had relied upon the same factual allegations in rejecting Assante's defenses and counterclaims in the foreclosure action. (App. Mem. 8-9; *see* AP Doc. 3.)

On April 17, 2012, the Bankruptcy Court held a status conference during which Bankruptcy Judge Morris commented on Eastern's pending motion to dismiss by saying, "If there's no service on the complaint, I can't dismiss it on the merits because it doesn't exist as far as I'm concerned." (App. Mem. 9; Bankr. Doc. 56, at 9.)[3] On May 1, 2012, the Bankruptcy Court held a status conference relating to the adversary proceeding and Eastern's motion to dismiss, which Assante had not opposed in reliance on Judge Morris's comments at the April 17 conference. (App. Mem. 9; *see* AP Doc. 4.) At the May 1 conference, Judge Morris dismissed the adversary proceeding from the bench. (App. Mem. 9; AP Doc. 4, at 5-18.) She found that dismissal was proper absent service because Eastern had consented to personal jurisdiction by failing to raise a jurisdictional or insufficient service objection in its pre-answer motion to dismiss, and Assante could not show good cause for why service had not been made. (AP Doc. 4, at 5-6.) Regarding the merits of Assante's complaint, Judge Morris found that Assante's claims were barred by collateral estoppel because, although the claims were not identical in both actions, the underlying issues had already been decided by the Supreme Court in the foreclosure action and Assante had received a full and fair opportunity to litigate them there. (*Id.* at 11-18.)

---

[3] "Bankr. Doc." refers to documents filed in the U.S. Bankruptcy Court for the Southern District of New York under docket number 11-BK-37823.

3

On May 11, 2012, Appellant – Armand Assante's ex-wife, the largest creditor in his Chapter 11 bankruptcy, and a non-party to the adversary proceeding – wrote the Bankruptcy Court seeking vacatur of its dismissal on the ground that Judge Morris's statements at the April 17 conference had suggested that she would not dismiss the complaint prior to service. (App. Mem. 9-10; AP Doc. 5.) On May 22, 2012, the Court issued an Order dismissing Assante's adversary complaint against Eastern for the reasons set forth on the record at the May 1 conference and further detailed in its Memorandum Decision. (AP Docs. 7, 8.)

This appeal by Appellant Karen Assante followed. (Doc. 1.) Both Assante and Eastern oppose her appeal. (*See* Assante Mem.; Eastern Mem.)[4]

## II. DISCUSSION

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. A district court reviews a bankruptcy court's findings of fact for clear error and reviews its legal conclusions *de novo*. *Overbaugh v. Household Bank N.A. (In re Overbaugh)*, 559 F.3d 125, 129 (2d Cir. 2009); *see* Fed. R. Bankr. P. 8013.

Appellant makes four arguments on appeal: that the Bankruptcy Court (1) erred in dismissing the adversary proceeding without providing all parties in interest in the Chapter 11 case reasonable notice and an opportunity to be heard on Eastern's Motion; (2) erred in dismissing the adversary proceeding prior to establishing that all of the relevant facts necessary to determine Eastern's Motion were in the record; (3) relied on conclusory allegations and

---

[4] "Assante Mem." refers to Memorandum of Law in Support of Plaintiff Armand Anthony Assante's Opposition to Karen Assante's Appeal. (Doc. 10.) "Eastern Mem." refers to Brief of Appellee Eastern Savings Bank, FSB in Response to Appellant Karen Assante's Appeal from an Order of the United States Bankruptcy Court for the Southern District of New York. (Doc. 7.)

4

documents outside of the record in dismissing the adversary proceeding; and (4) erred in dismissing the adversary proceeding as barred by collateral estoppel. (App. Mem. 11.)

Assante argues that Appellant lacks standing to appeal the Bankruptcy Court's Order. (Assante Mem. 6-9.) Specifically, he argues that Appellant has failed to allege that she suffered an injury as a result of the Order – either the requisite constitutional injury or the pecuniary injury necessary for standing to appeal a bankruptcy order – and only asserts injuries sustained by Assante. (*Id.* at 7-9.) Appellant responds that the dismissal of the adversary proceeding implicated her pecuniary interests because the remedy Assante sought in the adversary proceeding would have benefitted Appellant by subordinating or eliminating Eastern's secured claims in the Chapter 11 proceeding. (App. Reply Mem. 5-7.)[5] The dismissal of the proceeding left Eastern's liens in place and its priority undisturbed, and thus, Appellant asserts, Assante has been unable to sell his property and use the proceeds to repay his $2.9 million debt to Appellant, thereby injuring her financially.[6] (*Id.* at 6-7.)

Standing is a threshold question in every federal case that determines the power of the court to hear the suit. *See Leibovitz v. N.Y.C. Transit Auth.*, 252 F.3d 179, 184 (2d Cir. 2001); *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387-88 (2d Cir. 1997). In addition to the requirements imposed by Article III, an appellant in a bankruptcy case must be "a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *Sumpter v. DPH Holdings Corp. (In re DPH Holdings Corp.)*, 468 B.R. 603, 612

---

[5] "App. Reply Mem." refers to Brief of Appellant Karen Assante in Reply to Opposition Briefs Filed by (A) Appellee Eastern Savings Bank, FSB and (B) Plaintiff Armand Anthony Assante. (Doc. 13.)

[6] In August 2012, Appellant and Assante executed a settlement agreement in which it was determined that, as of 2012, he owed her $1.8 million in back maintenance and support obligation payments that were nondischargeable in bankruptcy. (Settlement Agreement Regarding Nondischargeability of Debt, (S.D.N.Y. Bankr. Docket No. 12-AP-9008, Doc. 8), 1.) The agreement also stipulated that, taking into account Assante's future obligations to Appellant, he would owe her at least $2.9 million through the year 2018. (*Id.*) Appellant has not received any payments from Assante in over ten years. (App. Reply Mem. 7.)

(S.D.N.Y. 2012) (internal quotation marks omitted) ("The 'aggrieved person' standard requires that an appellant show both 'injury in fact' under Article III, and that the injury suffered is direct and financial."). The "aggrieved person" standard for bankruptcy standing "reflects the understandable concern that if appellate standing is not limited, bankruptcy litigation will become mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order." *Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs.* (*In re Colony Hill Assocs.*), 111 F.3d 269, 273 (2d Cir. 1997) (internal quotation marks and alteration omitted); *see In re Gucci*, 126 F.3d at 388 ("The stringency of [the 'aggrieved person' standard] is rooted in a concern that freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters."). As the "aggrieved person" standard is more stringent than the constitutional requirements, *In re Combustion Eng'g*, 391 F.3d 190, 214-15 (3d Cir. 2004); *see In re Johns-Manville Corp.*, 340 B.R. 49, 56 (S.D.N.Y. 2006), *vacated on other grounds*, 517 F.3d 52 (2d Cir. 2008), Appellant cannot proceed with this appeal if she cannot demonstrate that she suffered a direct financial injury as a result of the Order.

Appellant asserts that she has been harmed financially as a result of the Bankruptcy Court's Order because the priority of Appellant's debt in the Chapter 11 proceeding might have increased or Eastern's liens might have been vacated entirely had Assante prevailed in the adversary proceeding, which in turn might have increased her chances of recovering the money Assante owes her.[7]  (App. Reply Mem. 6-7.)  This pecuniary interest is, at a minimum,

---

[7] Appellant seems to conflate the requirements for a non-party to appeal an adverse judgment generally and the requisite standing to challenge a decision of a bankruptcy court. (*See* App. Reply Mem. 6-9.) As a general rule only a party to a lawsuit may appeal an adverse judgment, but a non-party may appeal if it is bound by the judgment or has an interest affected by the judgment. *Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 77-78 (2d Cir. 2006) (discussing appellate standing generally in appeal by WorldCom's unsecured creditors from district court's approval of SEC's distribution plan to compensate victims of securities fraud). This inquiry addresses only "whether an appellant should be treated as a party for purposes of appealing a judgment when it was

speculative and far from the direct financial injury required to convey standing to Appellant to challenge the Bankruptcy Court's Order.

The chain of events that would have to occur before the adversary proceeding had any financial effect on Appellant is attenuated, and Appellant's alleged pecuniary injury from Assante's failure to prevail in his litigation against Eastern is too indirect to confer standing to challenge the Order.  Equitable subordination is a "drastic and unusual remedy" that "should be applied only to the extent necessary to offset specific harm that creditors have suffered on account of the inequitable conduct."  *Enron Corp. v. Springfield Assocs., LLC (In re Enron Corp.)*, 379 B.R. 425, 434 (S.D.N.Y. 2007) (internal quotation marks omitted).  Courts apply the three-prong *Mobile Steel* test to determine when equitable subordination is justified, which requires "(1) inequitable conduct by the creditor whose claim is to be subordinated (2) resulting in unfair advantage to the malefactor and/or harm to the debtor or its other creditors, and (3) that equitable subordination would not be inconsistent with other aspects of the Bankruptcy Code." *Rockville Orthopedic Assocs., P.C. v. Kort (In re Rockville Orthopedic Assocs., P.C.)*, 377 B.R. 438, 444-45 (Bankr. D. Conn. 2007) (internal quotation marks omitted); *see Benjamin v. Diamond (In re Mobile Steel)*, 563 F.2d 692, 699-700 (5th Cir. 1977)).

Had the adversary proceeding continued, the Bankruptcy Court would have had to have found that Eastern's lending practices satisfied all three prongs of the *Mobile Steel* test and that

---

not a party in the proceedings below." *Id.* at 77.  Although it is undisputed that Appellant was not a party to Assante's adversary proceeding against Eastern, as a creditor in the Chapter 11 case, she is arguably a party in interest under the Bankruptcy Code.  *See* 11 U.S.C. § 1109(b).  But "merely being a party in interest is insufficient to confer appellate standing" in a bankruptcy appeal.  *In re Salant Corp.*, 176 B.R. 131, 134 (S.D.N.Y. 1994).  "If the appellant is a party in interest to the bankruptcy proceeding, the Second Circuit applies the more exacting 'aggrieved person' standard" – "a person directly and adversely affected pecuniarily by the challenged ruling" – "to determine whether the appellant has standing to challenge a ruling of the bankruptcy court." *Picard v. Tremont Grp. Holdings, Inc. (In re Bernard L. Madoff Inv. Sec. LLC)*, No. 11-CV-7330, 2012 WL 2497270, at *1 (S.D.N.Y. June 27, 2012) (internal quotation marks and citation omitted).  Thus, I construe Appellant's arguments that she has an interest affected by the judgment sufficient for appellate standing to assert that she has a pecuniary interest directly and adversely affected by the Order for the purposes of her bankruptcy appeal.

7

the unusual remedy of equitable subordination was necessary to remedy the harm before Appellant would have received any type of potential pecuniary benefit – which itself would consist only of a higher priority claim in Assante's ongoing bankruptcy proceeding, not even necessarily an actual financial recovery.  As Appellant admits that she has not received any payment on the debt Assante owes her in over ten years, (App. Reply Mem. 7), it appears that her financial injuries stem from Assante's default on his maintenance and support obligations, not the Order, which simply did not confer the type of direct pecuniary injury upon Appellant necessary for bankruptcy appellate standing, *cf. In re Salant Corp.*, 176 B.R. at 133-35 (Official Committee of Equity Security Holders lacked standing to appeal order authorizing Chapter 11 debtor to pay bonus to CEO where bonus came from debtor's cash and would not have been paid to equity holders and, even though extra cash might have increased share price, status as shareholder too indirect to satisfy "aggrieved person" standard).

In the alternative, Assante's adversary complaint alleged frustration of contract, seeking to vacate Eastern's liens on his properties because of the allegedly onerous terms of his mortgage.  Under New York law, frustration "excuses a party's performance only in situations where a virtually cataclysmic, wholly unforeseeable event renders the contract valueless to one party." *Tycoons Worldwide Grp. (Thai.) Pub. Co. v. JBL Supply Inc.*, 721 F. Supp. 2d 194, 203 (S.D.N.Y. 2010) (internal quotation marks omitted).  "The basic test under New York law of whether a contract's purpose has been frustrated is whether the parties contracted on a basic assumption that a particular contingency would not occur." *Shanghai Join Buy Co. v. PSTEX Grp., Inc.*, No. 04-CV-4449, 2004 WL 2471432, at *3 (S.D.N.Y. Nov. 1, 2004) (internal quotation marks omitted).  Again, what must unfold before Appellant could experience any direct financial injury under this theory is too attenuated and speculative to confer standing to

challenge the Order.  Had the adversary proceeding continued, the Bankruptcy Court would have had to find that Assante's default qualified as a "wholly unforeseeable" event necessitating the mortgage's vacatur, thus removing Eastern as a claimant in Assante's Chapter 11 proceeding and potentially conferring a pecuniary benefit to Appellant only upon a sale of the encumbered properties and a distribution to Assante's claimants.  As with equitable subordination, the nexus between Assante's inability to pursue his frustration claim as a result of the Order and a potential financial benefit to Appellant is too indirect to satisfy the "person aggrieved" standard.

Because Appellant cannot demonstrate a direct financial injury from the Bankruptcy Court's Order, she lacks standing to appeal the decision.  Further, although it is not necessary to reach the merits here, I agree with Judge Morris that collateral estoppel barred Assante's adversary proceeding in any event.[8]  (AP Docs. 4, 7, 8.)

## III. CONCLUSION

For the reasons stated above, the appeal is DISMISSED.  The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: March 4, 2013
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[8] Given the disposition of this appeal, I need not address Assante's mootness and ripeness arguments.  (Assante Mem. 9-12.)